UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| PATRICIA LYNN SHOFFNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-116-TLS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Patricia Lynn Shoffner seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits as well as supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied her Social Security benefits and erred by failing to properly evaluate all of the Plaintiff's symptoms and limitations and by imposing an insufficient hypothetical to the vocational expert, resulting in findings that are not supported by substantial evidence.

**BACKGROUND**

On October 29, 2013, the Plaintiff filed a Title II application for disability and disability insurance benefits as well as a Title XVI application for supplemental security income, alleging disability beginning February 1, 2011, but she later amended her alleged date of disability onset to June 30, 2012. (R. 12.) Her claims were denied initially and upon reconsideration. (R. 79–128) On August 31, 2015, the Plaintiff appeared with counsel and testified at a hearing before an

administrative law judge (ALJ). (R. 12.) Also appearing were Sharon D. Ringenberg., an impartial vocational expert (VE) as well as the Plaintiff's daughter. (*Id.*) On January 19, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review. (R. 1–3.)

On March 24 2017, the Plaintiff filed this claim in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To be found disabled, a claimant must demonstrate that her physical or mental limitations prevent her from doing not only her previous work, but also any other kind of gainful employment that exists in the national economy, considering her age, education, and work experience. § 423(d)(2)(A).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. § 404.1520. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA since her alleged onset date, June 30, 2012. (R. 14.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting her ability to do basic work activities under § 404.1520(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including fibromyalgia, rheumatoid arthritis with a history of borderline elevated CCP antibodies as well as synovitis in her MCP and PIP joints,

and diabetes mellitus. The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work. (R. 15.) The ALJ also found that the Plaintiff had multiple non-severe impairments, including restless leg syndrome, dental problems, cardiovascular problems (including high blood pressure and aortic calcifications), vision problems (including glaucoma and cataracts), bowel problems (including diarrhea and GERD), and right shoulder problems. (*Id.*) The ALJ also found that the Plaintiff did not have any mental impairments despite her allegation of depression, panic attacks, memory problems, self-isolation, and confusion, although the ALJ acknowledged that the Plaintiff took medications to control these issues. (R. 15–16.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." § 404.1520(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things she can still do physically, despite her limitations—to determine whether she can perform "past relevant work," § 404.1520(a)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." § 404.1520(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that she had the RFC to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except that she is only occasionally able to climb, balance, stoop, kneel, crouch, and crawl. (R. 17.)

3

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of her alleged onset date. (R. 12–21.) The ALJ evaluated the objective medical evidence and the Plaintiff's subjective complaints and found that the Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. (R. 18.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely credible." (*Id.*) The Plaintiff testified that she sleeps a lot, that it takes her two hours to care for her personal needs, after which she is exhausted, that she sometimes cannot bear to wear socks, that she cannot sit through an entire movie, and that she spends three days a week in bed. (*Id.*) She also stated that in 2012, she was able to lift 10–12 pounds, sit for 60–90 minutes at a time, and walk a couple of blocks at a time, but that at the time of the hearing could lift only a gallon of milk, sit for 45–60 minutes at a time, stand for only 30 minutes at a time, and walk only half a block at a time. (*Id.*)

The ALJ found that the Plaintiff is able to engage in "at least a somewhat full range of activities," that she is the sole adult in her household and cares for three minor children, and that she is able to do some driving, shop for groceries, watch television, prepare frozen foods, do some housework, and care for her personal needs independently. (*Id.*) The ALJ also looked to the objective medical evidence and found "the medical evidence of record fails to support a more restrictive assessment of the claimant's residual functional capacity or a finding that the claimant's allegations are entirely credible." (*Id.*) The ALJ found that the Plaintiff's examination findings "have been largely within normal limits," although the ALJ noted various abnormalities. (*Id.*)

The Plaintiff has past relevant work as a janitor (unskilled, medium work), bus driver (semi-skilled, medium work), and teacher's aide (skilled, light work). (R. 19.) The ALJ found

that the Plaintiff was unable to perform her past relevant work. (*Id.*) Although the teacher's aide job is one that requires only light exertion, which is within the Plaintiff's RFC, the ALJ found that it was performed in conjunction with the bus driver job and, therefore, that the Plaintiff was unable to perform it. (*Id.*) Relying on the VE's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of her alleged onset date. (R. 20.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment

for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. A court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff argues that the ALJ failed to build a logical bridge between the Plaintiff's alleged limitations and the Plaintiff's RFC because the ALJ did not sufficiently articulate the reasons underlying the adverse credibility determination. The Plaintiff asserts that the ALJ improperly relied on the Plaintiff's daily living activities, did not explain how the multiple abnormal medical findings were "largely within normal limits," improperly relied on the absence of objective medical evidence, did not inquire about the Plaintiff's failure to obtain treatment

before holding that failure against her, and failed to consider evidence favorable to the Plaintiff and explain why it did not persuade.

The Court may not overturn the ALJ's credibility determination unless it is "patently wrong." *see Elder*, 529 F.3d at 413–14. "An ALJ is in the best position to determine the credibility of witnesses, and a credibility determination will be overturned only if it is patently wrong." *Pinder v. Astrue*, No. 3:09-CV-363, 2010 WL 2243248, at *4 (N.D. Ind. June 1, 2010) (*citing Craft*, 539 F.3d at 678). "Reviewing courts therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). However, "a failure to adequately explain his or her credibility finding by discussing specific reasons supported by the record is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (citing *Terry*, 580 F.3d at 477); *Brindisi v. Barnhart*, 315 F.3d 783, 787–88 (7th Cir. 2003); *Salaiz v. Colvin*, 202 F. Supp. 3d 887, 893 (N.D. Ind. 2016). "The determination of credibility must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft*, 539 F.3d at 678.

Social Security "regulations and cases, taken together, require an ALJ to articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a bases for a negative credibility finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). In this case, the ALJ's credibility explanation consists of the following:

> [S]everal factors, especially when considered in conjunction with each other, support a finding that the claimant's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely credible and fail to support a more restrictive assessment of the claimant's residual functional

> capacity than acknowledged by the undersigned. The claimant is able to engage in at least a somewhat full range of activities. She is the sole adult in her household, which includes 3 minor children (ages 16, 14, and 13), and she is able to do some driving, as well as shop for groceries, watch television, prepare frozen foods, do some housework, and care for her personal needs independently.

(R. 18.) The ALJ also stated that the medical evidence of record does not support a finding that the Plaintiff was entirely credible. The ALJ does not appear to have considered any other factors in evaluating the Plaintiff's credibility. The Court now turns to the justifications the ALJ cited in support of her determination.

### 1. *Daily Living Activities*

The Plaintiff argues that the ALJ placed undue weight on her ability to conduct daily living activities. The Seventh Circuit has emphasized that there are "critical differences between activities of daily living and activities in a full-time job" including flexibility in scheduling, possible help from family members, and lack of minimum performance standards; and "[t]he failure to recognize these differences is a recurrent . . . feature of opinions by administrative law judges in social security disability cases." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012).

The ALJ's citation to the Plaintiff's daily living activities suffers from multiple flaws. First, the ALJ failed to consider the modifications and help that the Plaintiff required in order to complete the referenced daily activities. For example, the Plaintiff reported that her children pretty much take care of themselves and that it takes her twice as long to do anything, such as take care of her personal needs or household chores. (R. 33.) She testified that her daughter drove her to the hearing because she gets confused and lost if she drives out of town. (R. 38.) When asked if she cooked, the Plaintiff testified that she could cook frozen foods most of the

time, but not anything else. (R. 33.) Thus, the ALJ "ignored [the Plaintiff's] qualifications as to *how* [she] carried out those activities." *Craft*, 539 F.3d at 660 (emphasis in original).

Moreover, the Plaintiff testified that too much activity resulted in long recovery period, often resulting in her being unable to get out of bed except for most of the day. (R. 45.) *See Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 248–249 (6th Cir. 2007) (finding fault where the ALJ "fail[ed] to examine the physical effects coextensive with [the] performance" of daily activities and "failed to note or comment upon the fact that [the claimant] receive[d] assistance of many everyday activities and even personal care from her children"). Courts have repeatedly found fault with decisions where the ALJ noted that the claimant could perform daily activities but failed to examine the physical or mental consequences of performing those activities and the claimant's need for assistance or modifications. *See, e.g.*, *Sneed v. Berryhill*, No. 2:16-CV-195, 2017 WL 4325303, at *3 (N.D. Ind. Sept. 29, 2017) ("If the ALJ wishes to hold Plaintiff's daily activities against her, he must . . . discredit Plaintiff's claims of how much her children help with the activities."); *Herrold v. Colvin*, No. 2:13-CV-360, 2015 WL 1243293, at *6 (N.D. Ind. Mar. 17, 2015) ("[T]he Seventh Circuit has repeatedly criticized credibility determinations that are based on a plaintiff's ability to take care of his personal hygiene, children, or household chores.") (citing *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009)).

To the extent that the ALJ based her credibility determination on the Plaintiff's ability to engage in daily living activities without taking into account the qualifications on the Plaintiff's ability to perform them, the Court must remand this case.

9

## *2.    Objective Medical Evidence*

Absent consideration of the Plaintiff's daily living activities, the only other justification the ALJ gives regarding the adverse credibility determination is the lack of support in the Plaintiff's medical record. But, the Seventh Circuit, and this District, have rejected such an approach. *See, e.g.*, *Villano v. Astrue*, 556, F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (same); *Thomas v. Colvin*, 534 F. App'x 546, 552 (7th Cir. 2013) (same); *Myles v. Astrue*, 585 F.3d 672, 677 (7th Cir. 2009) (same); *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006) (reversing and remanding for insufficient credibility determination where the Commissioner "defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of [the claimant's] daily living activities"); *Salaiz*, 202 F. Supp. 3d at 893–94 ("The ALJ erred when assessing the Plaintiff's credibility because she relied entirely on medical evidence . . . ."); *Vercel v. Colvin*, 2016 WL 1178529, at *4 (N.D. Ind. Mar. 28, 2016) (Although the "ALJ is not required to give full credit to every statement of pain made by the claimant . . . a claimant's statements regarding symptoms or the effect of symptoms on his ability to work 'may not be disregarded solely because they are not substantiated by objective evidence.'") (quoting SSR 96-7p at *6).

In fact, "the whole point of the credibility determination is to determine whether the claimant's allegations are credible *despite* the fact that they are not substantiated by the objective medical records." *Stephens v. Colvin*, 2014 WL 1047817, at *9 (N.D. Ind. Mar. 18, 2014) (emphasis in original); *see Thomas*, 534 F. App'x at 551 (The ALJ's argument "that [the claimant's] alleged daily activities 'cannot be objectively verified with any reasonable degree of

certainty' [] ignores the fact that [the claimant's] daughter (who forced [the claimant] to move in with her so that she could provide care) confirmed the type and extent of [the claimant's] daily activities.").

"Although objective medical evidence and daily activities are appropriate factors to consider, the ALJ failed to articulate how these factors supported or contradicted any particular claims made by the Plaintiff." *Pinder*, 2010 WL 2243248, at *5. Other than stating that the Plaintiff's examination findings were "largely within normal limits," the ALJ provided no explanation that would allow the Court to trace her reasoning. Therefore, the ALJ has failed to "articulate at some minimal level [her] analysis of the evidence" to permit an informed review. *Zurawski v. Halter*, 245 F.3d 881, 887 (7th Cir. 2001). Without the ability to adequately follow the ALJ's reasoning, the Court cannot say that the adverse credibility assessment was supported by substantial evidence.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case. Because the Court is remanding on these issues, it need not consider the reminder of the parties' arguments.

SO ORDERED on May 4, 2018.

       s/ Theresa L. Springmann
      CHIEF JUDGE THERESA L. SPRINGMANN
      UNITED STATES DISTRICT COURT